CASE 16—PETITION EQUITY—MAY 21.

## Gedge v. Shoenberger, &c.

APPEAL FROM KENTON CHANCERY COURT.

1. To GIVE A LANDLORD'S LIEN SUPERIORITY over other liens he must assert it within ninety days from the time the rent *becomes due*, and not wait until ninety days after the end of the rental year, if the rent is, by contract, due before the end of the year.

2. A TENANT'S COVENANT TO PAY TAXES is construed as an agreement to pay them as a part of the rent, so as to give the landlord priority therefor.

COLLINS & FENLEY FOR APPELLANT.

1. The landlord's lien is superior only when he asserts it within ninety days after the rent *becomes due*. (General Statutes, chapter 66, article 2, sections 11, 12 and 13; Revised Statutes, volume 2, chapter 56, article 2, sections 14 and 15; English v. Duncan, 14 Bush, 378; Fisher v. Kollerts, 16 B. M., 406.)

2. The tenant's agreement to pay taxes can not be construed as an agreement to pay them *as rent*.

BENTON & BENTON FOR APPELLEE.

To the extent of one year's rent the landlord's lien is superior, provided he sue out his distress warrant within ninety days from the expiration of the rental year. (General Statutes, chapter 66, article 1, sections 12 and 13; Revised Statutes, chapter 56, article 2; Fisher v. Kollerts, 16 B. M., 398; Beckworth v. Bent., 10 B. M., 95; Williams v. Wood, 2 Met., 42.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

This is a contest for priority of lien between the owner of a mortgage given by a tenant upon property, which was at the time upon the rented premises, upon the one hand, and the landlords to whom

rent is owing which accrued subsequent to the execution of the mortgage, upon the other.

To one of the landlords the rent was payable semi-annually, and to the other, quarterly; but, notwithstanding this fact, they insist that, under the statute, they have a superior lien for one year's rent, having sued out their distress warrants within ninety days from the expiration of the rental year; while the appellant contends that the priority only embraces any rent which became due within ninety days before the warrants were issued.

Section 12, chapter 56, of the General Statutes, says: "All valid liens upon the personal property of a lessee, assignee or under-tenant, created before the property was carried upon the leased premises, shall prevail against a distress warrant or attachment for rent. If such lien be created whilst the property is on the leased premises, and upon property on which the landlord hath a superior lien for his rent, then, *to the extent* of one year's rent, whether the same accrued before or after the creation of the lien, a distress or attachment shall have preference and be first satisfied, *provided the same is sued out in ninety days from the time the rent was due.*"

The landlord's lien is a creature of the statute; its enforcement is by a summary proceeding; and we have neither the inclination nor the authority to extend it by construction. Prior to the passage of the statute the tenant could, during the tenancy, dispose of his property, and the purchaser could hold it in defiance of the landlord.

The statute *supra* gives to him a lien superior to that of all other persons, created while the property is on the leased premises, *to the extent* of one year's rent, "provided the same (distress warrant or attachment) is sued out in ninety days from the time the rent was *due*."

While other sections of the chapter tend to throw some doubt upon the question, yet the language of the one above quoted is plain and unambiguous, and forces the conclusion that, while it was the legislative intent to give the landlord a preference, yet that he must use diligence in the enforcement of his lien. It is evident from the entire statute that he may distrain for quarterly or other installments of the year's rent; thus section 10, speaking as between the landlord and tenant, says: "A distress warrant may issue, although the lease be not ended, *but only for rent then due*, and not after the lapse of six months from the time it was due;" and if a landlord sees proper to contract for the payment of his rent by the month or quarter, or semi-annually, then the statute requires him to assert his lien, in order to maintain its superiority over other liens, within ninety days from the time the rent becomes due, and not delay until ninety days after the end of the rental year.

If the Legislature had intended to give him the privilege of such delay the statute would doubtless have provided that he should distrain within ninety days after the expiration of the year, instead of ninety days after the rent becomes due.

The lease of the Fabian lot was "for the term of

ten years from the first day of May, one thousand eight hundred and [seventy-three, at the yearly rent or sum of one hundred and fifty dollars; also to pay all taxes and assessments during said term. Said rent to be paid in equal semi-annual payments."

This covenant to pay the taxes must, from the evident intention of the parties as shown by the lease, be regarded as an agreement to pay them as a part of the rent. While they are not expressly so named, yet the parties to the contract clearly so intended, and this is the necessary implication.

It results, therefore, that Fabian's trustee had priority for $75 due November 1, 1879, with interest until paid; also for $45.38, with interest from September 25, 1879, until paid, being the taxes for the year 1879, and for $6.50 for the cost of the distress warrant which was sued out in October, 1879; and the Shoenbergers for $50, due July 1, 1879; $50 due October 1, 1879, with interest on each of said sums from the maturity thereof, and for $10.73, being the cost of their two distress warrants, the first one having been sued out upon August 1, 1879; and the judgment of the Chancellor is reversed, and cause remanded with directions to render judgment and for further proceedings as herein indicated.