| 85 | 351 |
| 85 | 595 |
| 85 | 351 |
| 137 | 350 |

CASE 48— ———————— —MARCH 10.

## Petry, &c., v. Randolph, &c.

APPEAL FROM SHELBY CIRCUIT COURT.

1. LANDLORD'S LIEN.—A landlord, in order to preserve the superiority of his lien upon the tenant's property on the leased premises as against "a lien" of a third person, must assert his claim for rent within ninety days after it becomes due; and as against *all other rights or equities* of third persons, he must assert his claim within 120 days.

2. ASSIGNMENT FOR BENEFIT OF CREDITORS.—While an assignee for the benefit of creditors takes the assigned property. subject to all valid liens and equities, he is not limited as to defenses to distraint, attachment or execution against the property, to those only which the debtor could have made.  Therefore, while a landlord might, as against the tenant, have distrained for rent at any time within six months after it became due, he cannot, as against the tenant's assignee for the benefit of creditors, distrain after four months, the rights of creditors having intervened by reason of the assignment.

3. SAME.—A deed of assignment for the benefit of creditors divests the assignor of title, and the subsequent failure of the assignee to qualify by taking the oath, and executing bond as required by statute, does not affect the title.

L. A. WEAKLEY FOR APPELLANTS.

(Brief not in record.)

L. C. WILLIS FOR APPELLEES.

1. An assignee for the benefit of creditors, by the execution of the deed of assignment, acquires a lien which, like any other lien, is superior to any lien subsequently acquired. (Civil Code, sec. 438; Zaring, &c., v. Cox, 78 Ky., 527; Gibson v. Moore, 7 B. M., 92; Repplier v. Buck, Potter, &c., 5 B. M., 96.)

2. The lien of the assignee is superior to the lien of the landlord acquired by the taking out of a distress warrant, subsequent to the execution of the deed of assignment, for rent that has been due more than 120 days. Any state of facts that would defeat the landlord's lien as against any other lien, will defeat it as against the lien of the assignee. (Gen. Stats., chap. 66, art. 2, secs. 10 and 15; Gedge v. Shoenberger, 7 Ky. Law Rep., 31; Bridgeford v. Bowles, 80 Ky., 529; Dobyns v. Dobyns, 79 Ky., 95; Bohm Bros. & Co. v. Stone, 79 Ky., 141.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

A deed of assignment for the benefit of creditors divests the assignor of title. The qualification required by the statute by the taking of an oath and the execution of a bond by the assignee does not affect it, but is merely for the security of those interested.

The single question, therefore, presented by this appeal is, whether a landlord can acquire a superior lien for rent, which has been due less than six, but more than four months, by the suing out and levy of a distress warrant upon the tenant's property upon the leased premises, but after the making of a deed of assignment by the tenant for the benefit of his creditors.

Chapter 66, article 2 of the General Statutes provides:

Section 10. "A distress warrant may issue, although the lease be not ended, but only for rent then due, and not after the lapse of six months from the time it was due."

Section 12. "All valid liens upon the personal property of a lessee, assignee, or under-tenant, created be-

fore the property was carried upon the leased premises, shall prevail against a distress warrant or attachment for rent.   If such lien be created whilst the property is on the leased premises, and on property upon which the landlord hath a superior lien for his rent, then to the extent of one year's rent, whether the same accrued before or after the creation of the lien, a distress or attachment shall have preference, and be first satisfied, *provided the same is sued out in ninety days from the time the rent was due.*"

Section 13.  "A landlord shall have a superior lien on the produce of the farm or premises rented, on the fixtures, on the household furniture, and other personal property of the tenant, or under tenant, owned by him, after possession is taken under the lease ; but such lien shall not be for more than one year's rent, due or to become due, *nor for any rent which has been due for more than one hundred and twenty days.*"  *  *  *  *

Aside from the statute, the landlord has no lien.   At the common law he had no right to distrain after the lease or term had ended.   By it he could only seize property for rent then accruing.   (3 Blackstone, p. 11.) It is a summary proceeding, born of the statute, and should not be extended in scope by construction.   The Legislature has given the landlord a preference, but has not absolved him from vigilance. ·  To guard against collusion between him and his tenant, and to prevent the latter from obtaining false credit, it has given him a lien and a summary mode of enforcing it, provided he does so within a certain period.

As between him and the tenant he may distrain within six months ; but where the rights of third par-

ties intervene, the statute has reduced the right to a more narrow limit, and the landlord must comply with it strictly, or lose his right.

It is perhaps difficult, owing to their language, to arrive at the reason which led to the enactment of both the 12th and 13th sections *supra*. It can be urged with some force, in the light of legislation upon the subject, that the first relates to property which the tenant carries with him to the leased premises; while the latter, in imitation of the feudal law, gives to the landlord a superior lien upon that which issues out of the land, or is acquired by the tenant after he goes upon the premises.

There is, however, in our opinion, this distinction between the two sections. The first is, by its terms, applicable only to *liens* of third parties. All *liens* created upon the property of the lessee prior to its removal to the rented premises are declared by it to be superior to the landlord's claim for rent; and if the *lien* be created after such removal, then the demand of the landlord is declared to be superior to the extent of a year's rent, *provided the proper steps to enforce it are taken within ninety days after the rent becomes due.*

It was accordingly held, in the case of Gedge v. Shoenberger, 83 Ky. Rep., 91, which was a contest for priority of lien between the owner of a mortgage, given by a tenant upon property at the time upon the rented premises, upon the one hand, and the landlord for rent accruing subsequent to the execution of the mortgage upon the other, that the latter must distrain within ninety days from the falling due of his rent, or the superiority of his lien was lost.

This section must, in our opinion, as to the rights or claims of third parties, be held to refer to such as fall within the technical legal meaning of the word " *lien.*"

The thirteenth section, however, is not so restricted. By it the landlord has a superior lien upon the property named in it for a year's rent, due or to become due, *provided it has not been due more than one hundred and twenty days.*

Under the one section he must, as against " *a lien,*" assert his rent claim within the ninety days; and as against all other rights or equities of third parties he must, under the other section, do so within one hundred and twenty days. This construction is necessary to harmonize and give effect to both sections of the statute.

The 15th section of article 2 provides that if, after the commencement of any tenancy, a lien be created upon the property on the leased premises, the lien-holder may remove the property by paying to the landlord the rent in arrear, and securing him in that to become due, not exceeding in all, however, a year's rent; and section 16 says, that if the property be taken under execution or attachment, the officer shall, out of the proceeds of the property, pay to the landlord the money rent due and to become due for the year in which the levy is made, unless a bond of indemnity be executed; but these two sections must be understood as referring to cases where the landlord has not lost his right, as provided in sections twelve and thirteen, to enforce the collection of his rent without regard to the rights of third parties.

It is urged, however, that an assignee takes the prop-

erty *cum onere;* that he merely steps into the shoes of the debtor; and that as the landlord can, as against the latter, distrain within six months, that therefore he can do so as against the trustee.

It is true that an assignee for the benefit of creditors takes the assigned property subject to all valid liens and equities. Here, however, the statute says that the landlord may, as between him and his tenant, distrain for the rent at any time within six months after it becomes due; but also provides, in substance, that whenever the rights of third parties intervene, he can in no case delay longer than four months. This limitation upon his right was not contained in the act of January 31, 1811. It provided only that the property distrained should belong to the party against whom the warrant had issued, or to a sub-tenant. Nor was the ninety-day provision of the 12th section *supra* embraced in the Revised Statutes of 1852.

This right of the landlord is strictly a legal or statutory one, enforceable in a summary way. It can therefore find no support or favor in equity.

The period for which the rent is owing having determined, no leasehold interest passed to the assignee under the deed of assignment. If so, he would be the tenant. The legal title to the assignor's property, however, vested in him. He became the representative of the creditors. He is entitled to hold it until the debts are paid. Their rights have intervened, and if a landlord wishes to defeat them, he must be vigilant and pursue his statutory remedy within the time fixed by law. This he did not do in this instance.

The trustee holds the property for the payment of

the debts, and the interest of the creditors requires that he should not be limited as to defenses to distraint, attachment or execution against it to those only which the debtor could have made.

Judgment affirmed.