CAMILLA S. McMANUS, Respondent, v. FAIR SHOE AND CLOTHING COMPANY, Appellant.

St. Louis Court of Appeals, January 2, 1895.

1. **Landlord and Tenant**: COVENANT OF LATTER TO PAY TAXES. A general covenant by a tenant to pay all taxes on the demised premises during the existence of the lease does not extend to general taxes which are payable during the term, but were assessed before it and were therefore a lien when it began, and which, moreover, were levied for a period wholly anterior to it.

2. **Contracts**: CONSTRUCTION TO AVOID UNFAIR RESULTS. *Held, arguendo*, that when there is room for construction, a contract will not be interpreted so as to give an unfair advantage to one of the parties to it over the other.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED.

*David Goldsmith* for appellant.

*Sim T. Price* for respondent.

BIGGS, J.—The circuit court overruled a demurrer to plaintiff's petition. The defendant refused to plead further, and final judgment was entered for the amount in suit. The defendant has appealed.

The plaintiff on the eighteenth day of June, 1892, executed to the defendant a lease for a lot in the city of St. Louis for a term of twenty-nine years and seven months, beginning on the thirty-first day of May, 1892,

and terminating on December 31, 1921. The lease stipulated for a certain ground rent, and further required the defendant to erect on the demised premises and on an adjoining lot a business building, which should cost not less than $40,000. It was provided that the building should be completed on or before the first day of January, 1893, and that the lessee should have the premises rent free for the next two months after its completion. It also contained, among other covenants on the part of the defendant, the following: "To pay all general and special taxes on said lot and building during the existence of the lease, before any penalty shall begin to run on same." When the taxes for the year 1892 became due, the defendant refused to pay them, and they were accordingly paid by the plaintiff on June 30, 1894, with penalties and interest added. The present suit is to recover from the defendant the amount thus paid. The question for decision is, whether the defendant is bound to pay these taxes under the covenants in the lease.

The petition alleges that the taxes paid were the taxes for the year 1892, and that they became due and payable on the first day of September, 1893. That there is a mistake on the part of the pleader as to one of the averments is self evident. If the taxes in controversy were for the fiscal year 1892, then they were due and payable in that year. If on the other hand they were payable on the first day of September, 1893, as alleged, then they were the taxes for the fiscal year 1893. It was impossible for us to get along with these contradictory averments. Attention of counsel on both sides was called to this, and, in order to have the question definitely decided on the merits, the parties have stipulated that the taxes were for the fiscal year beginning June 1, 1891, and ending on May 31, 1892; that they were assessed on June 1, 1891, and that the

tax bill therefor was delivered to the city collector prior to August 10, 1892.

The covenant is "to pay all general and special taxes on said lot and building during the existence of the term." Whether this covenant was intended to apply to all taxes *assessed* during the term, or to taxes which became *payable* during the term, is the question for decision. The defendant insists that the obligation extends only to taxes assessed after the commencement of the leasehold, and that, as the taxes for the year 1892 were *assessed* prior to that date, the defendant is under no obligation to pay them. We are inclined to hold that this interpretation is a correct one. In support of it, the covenant to pay taxes must be regarded as an agreement to pay them as *a part of the rent.* This intention clearly appears from the lease. *Gedge v. Shoenberger*, 83 Ky. 94. As the taxes were *assessed* prior to the beginning of the term and the fiscal year of 1892 had practically expired, a construction which would impose on the defendant the payment of the taxes for that year would be inequitable and unjust. When there is room for construction, a contract will not be so interpreted as to give one of the contracting parties an unfair advantage over the other. *Royalton v. Turnpike Co.*, 14 Vt. 311; *Bickford v. Cooper*, 41 Pa. St. 142.

Again, the plaintiff must be held, by implication at least, to have contracted that the premises at the time of the letting was free from incumbrances, or that, if any existed, she would pay them. The taxes for 1892 had been imposed prior to the commencement of the defendant's term, and were, therefore, an existing incumbrance, although not then due.

Our conclusion necessarily leads to a reversal of the judgment. As the result reached is predicated on conceded facts, it will not be necessary to remand the

case. The judgment of the circuit court will, therefore, be reversed and the cause dismissed. All the judges concur.