HENRY ELLIOT, Trustee of WAYMAN CROW, Respondent, v. CLARE GANTT *et al.*, Appellants.

St. Louis Court of Appeals, October 29, 1895; Motion for Rehearing Overruled December 24, 1895.

1. **Leases:** COVENANT TO PAY TAXES. A covenant in a lease to pay all taxes on the demised land laid during the term binds the covenantor to pay all taxes assessed against the premises during the term.

2. ———: ———. For the purposes of such a covenant taxes are, under our present statutes, deemed to have been assessed every first day of June, and those for the fiscal year 1892 to have been assessed on June 1, 1892.

3. ———: ———. *Held*, in the course of discussion that, unless a contrary intention clearly appears, such a covenant must be construed as one to pay the taxes as a part of the rent.

*Appeal from the St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

AFFIRMED.

*J. M. Holmes* for appellant.

The taxes of 1892, for which this action is brought, were not laid, levied or charged, during the continuance of the lease, and were not included within the terms of the covenant sued upon. *Valle v. Fargo*, 1 Mo. App. 344. The said taxes prior to their levy did not become a lien upon the land by relation by virtue of the assessment. *State ex rel. v. Phillips*, 102 Mo. 668; R. S., sec. 7552; Cooley on Taxation [2 Ed.], pp. 351, 354 and 448; *Blossom v. Van Court*, 34 Mo. 390; *Barlow v. St. Nicholas Bank*, 63 N. Y. 399.

*Phillips, Stewart, Cunningham & Eliot* for respondent.

The appellants were bound by their covenant to pay the taxes for the year 1892. R. S., secs. 7552, 7569; *Waterman v. Harkness*, 2 Mo. App. 494; *Strohmeyer v. Zeppenfeld*, 28 Mo. App. 268; *De Giverville v. Legg*, 48 Mo. App. 573.

Biggs, J.—The plaintiff sues to recover from the defendants the amounts of state, school, and city taxes for the fiscal year 1892, which were assessed and levied against certain real estate situated in the city of St. Louis. The court overruled a demurrer to the petition, and, upon the refusal of the defendants to file other pleadings, rendered a judgment for the amount of the taxes. The defendants have appealed.

The substantive facts stated in the petition are these: On the twenty-fourth day of April, 1851, Wayman Crow was the owner of the property, and on that day he leased it to Thomas T. Gantt and the defendant George I. Barnett for the term of forty years, beginning on the first day of July, 1851, and ending on the first day of July, 1891. In consideration of the letting, Gantt and Barnett agreed and covenanted in the lease "that they would duly and fully pay and discharge all rents, assessments, taxes, and imposts or charges whatever, which should during the continuance of the term of said lease be *laid, levied or charged upon,* or on account of said property," etc. The defendants had refused to pay the taxes for the year 1892, and the plaintiff, in whom the fee had become vested, was compelled to pay them in order to protect his estate. The petition also contained the allegation that the defendant Clare Gantt, prior to the expiration of the term, had acquired the interest of Thomas T. Gantt in the

lease, and had entered into possession of the property thereunder.

Were the lessees, by the terms of the lease, liable for the payment of the taxes for the fiscal year 1892 is the only question raised by the demurrer, and is the only question discussed by counsel in this court.

If the language of the covenant is to be given its ordinary construction, or meaning, the lessees must be held to pay all taxes imposed, that is *assessed*, during the term. No other meaning can be well given to the word "laid." The word "levy," as used in the revenue law, has been construed by this court to be synonymous with the word collect, and it has been held that a tax can not be said to be levied until the books are placed in the hands of the collector. *Valle v. Fargo*, 1 Mo. App. 344. Under the law, as thus construed, the taxes here in question were not levied until long after the expiration of the lease. Whether this construction was correct or not we need not say, for the defendant's covenant was broader than this. They agreed to pay all taxes which were laid (assessed) during the term, which presents quite a different question.

Accepting this interpretation of the word, counsel for appellants contends that the assessment of taxes consists of the original valuation placed on the land by the assessor, the subsequent equalization of values by the board of equalization, the adoption of the percentage for city taxes, and, finally, the extension of the tax on the tax book, and that, as the original valuation of the land for the taxes for the year 1892 was the only preliminary which preceded the expiration of the lease, it can not be said that the taxes were assessed during its existence. This position we do not think can be successfully defended. We do not think that the action of the county court or of the city

authorities in determining in a given case the rate of taxation, and the subsequent extension of the tax, constitute any part of the assessment proper. The assessment includes only the listing and valuation of land by the assessor, and the subsequent action, if any, of the board of equalization. As the assessor can not do his work in a day, and as the board of equalization merely acts as a board of appeals, it ought to be held for the sake of uniformity that the assessment was complete on the first day of June in each year, that being the time fixed by the statute for the beginning of the work. Such a construction is reasonable and permissible, and it recommends itself as establishing a uniform rule for the guidance of persons in making and construing contracts like we have here. Any other would produce confusion and uncertainty. Applying this rule to the facts stated in the petition, the judgment of the circuit court must be affirmed for the reason that the taxes for the fiscal year 1892 were assessed on the first day of June, 1891, which was prior to the expiration of the lease.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.

OPINION ON MOTION FOR REHEARING.

Rombauer, P. J.—The counsel for the defendants contends in an ingenious argument that the result reached by the opinion is inequitable, because it imposes on the defendant the taxes of forty-two years under a lease for forty. Such a result would be justified only if the terms used by the parties would admit of no other construction; yet, if they admitted of no other construction, the mere inequity of the result could not relieve parties from obligations voluntarily incurred.

The result reached in the opinion is not the one claimed by appellant. Under the revenue law of 1851, when the covenant in question was entered into, assessments began on the first of February in each year, and were completed by the first day of June. As the term in this case commenced on the first day of July, 1851, it is clear that the tenant was not held liable for the taxes of that year, they not being in any sense laid, levied, or charged upon the property during the continuance of the term. By treating the terms laid and assessed in the opinion as convertible, we have in no sense imposed a greater burden on the defendant than the covenant implies.

We have decided in *McManus v. Fair Shoe and Clothing Company*, 60 Mo. App. 216, that a covenant on part of a tenant to pay taxes, unless a contrary intention clearly appears, must be construed as one to pay them as part of the rent reserved. If, in the case at bar, the rent obligation was increased by reason of a subsequent change in the law bearing upon the date of the assessment and collection of taxes, a proper showing of such facts might have affected the *extent* of plaintiff's recovery, and might have resulted in an apportionment of the taxes sued for between the landlord and tenant. It is evident, however, that such a question could not arise on general demurrer to the petition, as the propriety of such a demurrer is determined by the plaintiff's right of recovery, regardless of its extent.

It results that the motion for rehearing must be overruled. All the judges concur.