# Caudill Coal Company v. Solner Mining Co., et al.

(Decided March 13, 1923.)

## Appeal from Letcher Circuit Court.

1.  Appeal and Error—Statement Naming Only Nominal Party as Appellee Held Insufficient.—Where an intervener appealed from the judgment denying a lien claimed by him, his statement, naming as appellees the defendant "et al." and naming as appellants the plaintiff "et al." was insufficient, where the defendant was only a nominal appellee, and the controversy was between intervener and plaintiff, so that intervener is entitled to no relief under that statement.

2.  Mines and Minerals—Royalties on Coal Mined by Lessee are Rents.—Royalties contracted to be paid by the lessee to the lessor for the use of coal property are regarded as rents, and no attachment or distress is necessary to create a lien therefor, when suit was filed.

3.  Mines and Minerals—Priority of Statutory Lien for Rent for Past Four Months Applies to Liens of Third Parties.—Ky. Stats., section 2316, giving the landlord a superior lien on the tenant's property for not exceeding one year's rent as against all other liens, provided the same is sued out in 120 days from the time the rent is due, applies to the liens of third persons, while section 2317, giving a superior lien for not exceeding one year's rent, which has not been due for more than 11 months, applies to all other character of claims, so that the lessor of coal lands is entitled to a lien for the royalties accrued within 11 months before his action was brought, where no other valid lien against the property had been allowed.

J. B. SNIDER, H. C. GILLIS, and R. MONROE FIELDS for appellants.

POSTLEWAITE & MARTIN for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In a suit in the Letcher circuit court the Caudill Coal Company set up a lease contract between it and one John T. Solon executed on the — day of October, 1918, in which it leased to him certain mining properties, including a railway spur and full equipment, and sold to him its stock of goods and other personal property at its commissary, he agreeing to pay a royalty of 25 cents a ton on the coal produced, settlement to be made on the 10th of each month for the coal produced in the preceding month.

A certain minimum of monthly production was provided, beginning January 1st, 1919, this minimum being increased at subsequent times therein specified. The lease contract was assigned by Solon to the Solner Mining Company, which assumed his liabilities and obligations. It further appears that the Caudill Coal Company had ordered a driving machine and a hauling motor at the price of $10,000.00 but had not paid for them and the Solner Mining Company took them over and paid the purchase price. The petition alleged a breach of a number of the provisions of the contract, including a dissipation of the property by the Solner Mining Company and its insolvency, and asserted that it had failed to produce the minimum quantity of coal and was in arrears in this respect in the amount of — tons for the eleven months next preceding, and in the amount of — tons minimum for the four months immediately preceding; that at 25 cents per ton its royalties on such production would have amounted to the sum of $13,860.40 and $7,-112.60 respectively. It sought a cancellation of the lease contract and settlement of the affairs of the defendant as an insolvent corporation and a lien on all of its effects to secure it in the payment of the unearned royaties.

The defendant filed no answer and a default judgment was taken in accordance with the prayer of the petition. It further appears that on the 4th day of March, 1920, the Solner Mining Company executed a mortgage on the two machines above mentioned, to the Maynard Coal Company to secure it on a pre-existing debt for $6,000.00. This mortgage was filed for record on the 20th day of March and recorded on the 30th of March, 1920.

The petition above referred to was filed on the 28th day of March but made no allusion to the Maynard Coal Company's claim. At the July term of court the Maynard Coal Company filed an intervening petition setting up its claim and seeking the enforcement of this lien, but no notice was taken of it by the Caudill Coal Company until January 3, 1921, at which time it filed an answer attacking the conveyance for several reasons; this answer was taken as controverted of record, and over the objection of the Maynard Coal Company the case was submitted. It had also filed its claim asserting its lien, with the master commissioner, to whom the case had been referred for a settlement of the affairs of the defunct corporation.

The master commissioner allowed the claims of plaintiff and the Maynard Coal Company as ordinary claims

but denied the liens asserted by them. Exceptions were filed by each but overruled by the court and the master commissioner's report confirmed. Separate exceptions were taken and independent appeals have been prosecuted to this court. A number of other questions were raised, but in view of the conclusions we have reached it is deemed unnecessary to enumerate them.

The appeal of the Maynard Coal Company was filed May 7th, 1921, and its statement reads as follows:

"Court of Appeals of Kentucky.

Caudill Coal Co., et al.,                              Appellants,
        vs.                    Statement.
Solner Mining Co., et al.,                          Appellees.

The appellant is the Maynard Coal Co.

The judgment appealed from was rendered at the January term, 1921, of the Letcher circuit court and may be found on page 161 of the record.

No summons or warning order is desired.

POSTLEWAITE & MARTIN,
Columbus O., Attys. for appellant,
The Maynard Coal Co.
J. B. SNYDER, Williamsburg, Ky.,
R. MONROE FIELDS, Whitesburg, Ky.,
Attorneys for appellee."

It is evident that the caption in this appeal is confused with that of the pleadings in the lower court. The Caudill Coal Company is not the appellant and the words "et al." are not sufficient to so constitute the Maynard Coal Company, but as the latter is specifically named as appellant in the body of the statement this may be sufficient in that particular. The Solner Mining Company is named as appellee in the statement, and while it is such, it is taking no part in the contest and is only a nominal party, and although its name is followed by the words "et al." it is uniformly held that in such a case the appeal will be treated as if prayed against the party first named only. It follows that in such case the Caudill Coal Company would not be affected by this appeal. Matney v. Edmonds, 179 Ky. 243; Brody v. Parsons, 23 Rep. 831; Comth. v. Columbia Trust Co., 162 Ky. 825. It later, on the 19th day of September, 1921, filed an independent appeal on the same record and in this proceeding the Maynard Coal Company might

have prayed a cross appeal, but it did not, and as it appears the judgment complained of was rendered on January 12, 1921, it is now too late for it to amend its original statement or to seek a cross appeal in the second case. As the only contest was between it and the Caudill Coal Company it cannot be granted any relief.

In this state royalties contracted to be paid the lessor for the use of coal property are regarded as rents. Saulsbury v. Saulsbury, 162 Ky. 486; and no attachment or distress was necessary to create a lien when suit was filed. Wonder Blue Gem Coal Co. v. Louisville Property Company, 137 Ky. 352.

By the provisions of sections 2316, Kentucky Statutes, the landlord is given a superior lien on the tenant's property for not exceeding one year's rent as against all other liens, except such as were created before the property was moved on the leased premises, provided the same is sued out in 120 days from the time the rent is due. Section 2317, Kentucky Statutes, gives a superior lien on the tenant's property for not exceeding one year's rent due or to become due which had not been due for more than eleven months.

The construction given these statutes in Petry v. Randolph, 85 Ky. 354, is that the first applies to liens of third parties while the latter applies to all other character of claims.

It follows that if the lien of the Maynard Coal Company had been allowed, the Caudill Coal Company would have had a superior lien as against it on all property owned by the Solner Mining Company and moved on the leased premises prior to the execution of its mortgage to the extent of $7,112.60, the amount of the rent which had not been due for exceeding four months; but inasmuch as the Maynard Coal Company was not allowed a lien in the lower court and the effect of its appeal is to affirm the judgment of that court and there being no other lien creditors, it results that the Caudill Coal Company has a lien under section 2317, *supra,* for all the rents which had not been due for more than eleven months at the time suit was filed, or for the gross amount of $13,860.40, and that this lien should prevail over all ordinary claims.

Wherefore, judgment is reversed on the appeal of the Caudill Coal Company against the Maynard Coal Company and cause remanded for proceedings consistent with this opinion.