## Pelphrey et al. v. Lemaster et al.

(Decided October 27, 1931.)

FRED HOWES for appellants.

WHEELER & WHEELER for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

About the year 1877, Stephen Pelphrey, by deed duly recorded in the Johnson county clerk's office, conveyed to Enoch Fairchild a tract of land containing 75 acres. In 1883, Fairchild conveyed the land to Thomas J. Curtis by deed that was duly recorded. Curtis died, and on August 3, 1905, his heirs conveyed the land to W. J. Lemaster by deed that was also recorded. On July 2, 1919, Lemaster executed to Ralph Stafford an oil and gas lease on the property, which lease was duly recorded. On July 15, 1920, Ralph Stafford, in consideration of $5,000, assigned this lease to C. J. McClelland, Everett Hitchcock, and Ada Prindible, reserving however, a one-sixteenth royalty interest. The assignment was placed of record.

This action was brought by Samuel E. Pelphrey, suing for himself and other heirs of Stephen Pelphrey,

deceased, against Lemaster and the lessees, to quiet their title to the minerals underlying the 75-acre tract of land. The basis of the action was that, in the deed from Stephen Pelphrey to Enoch Fairchild, all the mineral, oil rights, and mining privileges in the 75-acre tract of land were excepted, and that only the surface passed by the conveyance. It was also averred in the petition that about July 15, 1920, some one, for the purpose of defrauding plaintiff, mutilated the record of the deed by tearing from the book in which it was recorded that portion of the deed containing the reservation and exception. In addition to other defenses, defendants filed an amended answer and counterclaim asserting a claim of $12,000, which they alleged they had expended in good faith in improving the land by the drilling of two oil wells, and at the time they made the improvements they did so believing that the title was good, and without any knowledge or notice that plaintiff or any other person had any interest in the property. Being of the opinion that the minerals were excepted in the deed from Stephen Pelphrey to Enoch Fairchild, and that the record had been mutilated so as not to disclose the exception, the chancellor rendered judgment in favor of plaintiff. At the same time, he entered the following order:

> "The court expressly reserves the right to adjudge a lien on the above mineral rights and privileges for the amount or value of the improvements or any part thereof placed on said property by the drilling of the well or wells now on same, and which were drilled by the defendants.
>
> "And this cause is kept on the docket for the purpose of permitting the defendants and the plaintiff to plead further if they so desire, and take any proof that they may desire relative to said improvements."

On appeal the judgment was affirmed. Lemaster v. Pelfrey, 217 Ky. 534, 290 S. W. 310.

On the return of the case, plaintiff filed an amended petition alleging that the defendants, both at the time they acquired the lease, and at the time they made the alleged improvements by drilling, had actual and constructive notice of plaintiff's claim. Issue was joined on the amount of the improvements and the question of notice. In addition to the evidence contained in the former record, George Copeland, who had charge of all

payments for the lessees, testified that the lessees had expended on the drilling of the first well $6,909.17, and that these expenditures were made before the notice of plaintiff's claim, and before suit was instituted. On final hearing, the chancellor adjudged defendants a lien on the oil and gas lease for the sum of $6,909.17. Thereafter the lease was ordered sold, and Ada Prindible became the purchaser at the price of $3,000. From the judgment awarding the lien, and ordering a sale of the leased property, this appeal is prosecuted.

At the outset, we are met by the contention that W. J. Lemaster, who is not interested in the lien for the improvements, is the only person properly before the court as appellee, and that Ralph Stafford, C. J. McClelland, Everett Hitchcock, and Ada Prindible are not parties to the appeal. In so far as pertinent, the statement of the appeal is as follows:

"Johnson County

"Stephen Pelphrey et al., Appellants, v. W. J. Lemaster et al., Appellees.

"Statement

"The names of the parties to this appeal are as follows:

"Appellants, Samuel E. Pelphrey and the other heirs of Stephen Pelphrey deceased (see record of former appeal, page 12).

"Appelleees, W. J. Lemaster, Ralph Stafford, C. J. McClelland, Everett Hitchcock and Ada Prindible."

If the statement had contained nothing more than the caption, or the caption had been followed by words to the effect that appellees were as stated in the caption, there can be no doubt that the words "W. J. Lemaster, et al." would not be sufficient to bring before the court any person other than Lemaster. Brodie v. Parsons, 64 S. W. 426, 23 Ky. Law Rep. 831; Commonwealth v. Columbia Trust Co., 162 Ky. 825, 173 S. W. 386; Caudill Coal Company v. Solner Mining Co., 198 Ky. 243, 248 S. W. 533. But the situation here presented is entirely different. In the body of the statement not only Lemaster, but Stafford, McClelland, Hitchcock, and Mrs. Prindible are named as appellees, and this was sufficient to make them parties to the appeal.

The further point is made that the right of appellees to a lien for improvements was concluded by the original judgment. We have heretofore quoted that portion of the judgment bearing on the question of lien for improvements. It did not adjudicate the question of lien. All that it did was to reserve the right to adjudge a lien, and keep the cause on the docket for the purpose of permitting the parties to take further proof. In the circumstances, the question of lien for improvements was left an open question.

Coming to the merits of the case, the situation presented is this: Appellees other than Lemaster were joint owners of the lease. W. A. Auxier testified that, in the summer of 1920, he copied the record of the deed from Pelphrey to Fairchild, and the record showed reservation of the minerals. He further stated that he informed appellee Hitchcock of the reservation, and showed him a copy of the deed. Appellee Stafford testified that when he purchased the lease from appellee Lemaster he had no knowledge of appellant's claim. Appellee Hitchcock testified that Auxier came to the office of appellee McClelland in Ashland, and exhibited a copy of the deed from Pelphrey to Fairchild showing the reservation, and showed it to McClelland. McClelland testified that Auxier told him the title was not good, and that the minerals had been reserved, and his own response was, "I laughed at him." In addition to this, we held on the former appeal that the original deed from Pelphrey to Fairchild excepted the minerals, and the exception appeared of record until the record was mutilated. Appellees say that when they examined the record it was intact, and contained no reservation nor exception. One of two things is certain. If intact, it disclosed that the minerals were excepted. If, on the other hand, the record appeared to have been mutilated, this of itself was sufficient to put appellees on inquiry as to what was contained in that portion of the record that had been torn off. All these things occurred not only before the drilling began, but before the contract for the drilling was made. It is clear, therefore, that appellees contracted for the drilling with notice that in the deed from Pelphrey to Fairchild the minerals had been excepted, and that they acquired no rights by virtue of their lease. In the circumstances, they cannot be regarded as bona fide claimants.

It follows that the chancellor should have denied the lien for improvements.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.