## DEPP v. MARTIN.

Court of Appeals of Kentucky.

Nov. 9, 1951.

Arthur T. Iler, Central City, Robert Gwin, Greenville, for appellant.

Davis, Boehl, Viser & Marcus, Louisville, Jarvis & Ross, Greenville, for appellee.

CAMMACK, Chief Justice.

This action arose out of a collision between a truck driven by J. E. Martin and a taxicab belonging to L. W. Depp and operated by Orville Stewart. Depp charged the collision was caused by Martin negligently backing his truck out of a private driveway into the path of Stewart's taxi. The jury found for Martin.

We are asked to reverse the judgment on the grounds that (1) the trial court erred in requiring Depp to post bond for costs as a nonresident after the case had been called for trial; (2) the verdict was not supported by the evidence and was the result of passion and prejudice; and (3) the court erroneously instructed the jury.

The accident occurred around 7:30 p. m. on April 25, 1949. Martin made a left turn from North Main Street in Greenville in order to enter a driveway at the place where he lived. As he was making the left turn he saw the taxi some 300 feet away proceeding in the southbound lane on Main Street. While he was driving slowly up the incline of the driveway, and about the time he reached the sidewalk, he killed his motor. He froze the brakes, but the truck rolled backward into Main Street and the rear end projected some four or five feet out into the driving lane of southbound traffic. Just as the truck stopped, the right front side of Stewart's taxi hit the left rear cor-

ner of the truck. Martin said Stewart was driving his taxi at a high rate of speed.

Stewart's version of the collision was that, as he was driving his taxi southward on Main Street at a reasonable rate of speed, Martin suddenly backed his truck from the driveway into the path of his taxi, thereby causing the collision. He said also the rear end of the truck was not properly lighted. He had neither time nor opportunity to pull around the truck. Other witnesses said Stewart was driving at a reasonable rate of speed.

 At the time Depp filed his action he was a resident of Kentucky. On the day of the trial Martin filed a "Motion for Bond for Costs." The motion set forth that, since the filing of the action, Depp was no longer doing business as the City Cab Company in Greenville and had moved to Ohio. Judgment of the court was prayed on the motion. The court sustained the motion and required Depp to deposit $50 in cash before proceeding with the trial. Depp now contends vigorously that, under Section 616 of the Civil Code of Practice, it was error to require that he execute a costs bond. He says also that his rights were prejudiced by the charge that he was a nonresident when, in fact, he was a resident of Kentucky at the time he filed his action. Section 618 of the Civil Code of Practice seems to cover the case. That section provides that, if the plaintiff in an action, after its institution, become a nonresident of this State, he shall give security for costs. The matter was brought to the court's attention and a bond was required. We must presume the court acted properly.

To us the case was clearly one for the jury. It may be that the weight of the evidence supports Stewart's version of the collision. But there is Martin's testimony that he made the left turn timely and in clear view of Stewart; that his truck was properly lighted; that Stewart was driving at a high rate of speed; and that Stewart had ample room to pass without colliding with his truck.

We find no fault with the instructions given by the trial court. The first instruction covered the question of whether Martin backed his truck from the driveway into North Main Street, or whether he permitted it to roll back into the street while pulling into the driveway. The question of rear red lights was covered also. Reasonable control and speed and ordinary care were all that was required of Stewart.

Lastly, it is urged that the court erred in failing to instruct the jury as to certain statutory duties allegedly required of Martin. It is contended also that an instruction should have been given under KRS 446.070. That section provides that a person injured because of a violation of a statute may recover from the offender such damages as he sustained by reason of the violation. Depp's petition did not allege that Martin was negligent because of the violation of certain statutes. Furthermore, he offered no instructions on this theory of the case. Under the circumstances, we fail to see how he can complain now of the alleged irregularities.

Judgment affirmed.