**George GARNETT, Appellant,**

v.

**Don HICKS, by his next friend, Robert B. Hicks, et al., Appellees.**

Court of Appeals of Kentucky.

March 18, 1960.

William B. Byrd, Waller, Threlkeld, Whitlow & Byrd, Paducah, for appellant.

Richard R. Bryan, Paducah, for appellees.

BIRD, Judge.

This action arises from the pre-dawn collision of an automobile driven by Don Hicks and a truck driven by George Garnett.

Don Hicks was awarded $4,523.48 in damages for his personal injuries. Robert B. Hicks, his father, was awarded $476.52 for medical expenditures necessitated by reason of the injuries.

■ George Garnett filed his notice of appeal from both judgments. However, the record discloses no motion for appeal from the judgment awarding Robert B. Hicks $476.52 for medical expenditures. This motion is required under KRS 21.080. The appeal from that judgment must therefore be dismissed.

As to the judgment awarding damages to Don Hicks we have a single question to be determined. We must determine whether or not the case should have been submitted to the jury on the question of contributory negligence.

The two vehicles were being driven in the same direction on a two lane road. The Hicks automobile was following the Garnett truck. Garnett undertook to make a left turn at an intersection. At the same time Hicks undertook to pass to the left of the truck. The vehicles collided on the left side of the highway.

The record leaves no doubt that Don Hicks was violating KRS 189.340(4) (b) in undertaking to pass the truck within 100 feet of the intersection. For the purpose of this opinion we shall assume that Garnett violated KRS 189.380 in making his left turn into the side road. With this assumption we must conclude that each of the drivers were guilty of negligence as a matter of law. Jewell v. Dell, Ky., 284 S.W.2d 92. However, Hicks contends that, when both parties are guilty of negligence, the question of proximate cause must be submitted to the jury as was done in this case. He gives Ashton v. Roop, Ky., 244 S.W.2d 727, 731, as his authority for that position. In that case, however, we said specifically that "no contained, immured act or acts caused the accident." Such is not the case here. The simultaneous acts of the drivers caused this collision which could not have occurred as it did in the absence of either of them. It is not necessary in this case to determine the "last link of causation" which we held to be a matter for the jury in Ashton v. Roop.

In Sanders Trucking Co. v. King, 313 Ky. 29, 230 S.W.2d 87, 88, the appellant also took the position that the question of proximate cause should be submitted to the jury when both parties are guilty of negligence. In that case we held that it was a question for the jury "except where the uncontradicted testimony is such that but one conclusion can be drawn therefrom by fair-minded men, in which case it becomes a matter of law for the court."

■ That Hicks was violating KRS 189.340(4) (b) is not disputed and it is our opinion that fair-minded men must conclude, under the facts of this case, that this accident would not have occurred except for Hicks' violation of the statute.

■ Hicks tries to excuse his dereliction by showing that there were no markings to indicate that there was an intersection or that he was within a no passing zone. The Commissioner of Highways, under KRS 189.340(5), is authorized to provide such markings for hazardous roadways but his failure to do so will not relieve the motorist of his duty under the statute.

■ We therefore hold as a matter of law that Don Hicks was guilty of negligence but for which his injury would not have occurred. The question of contribu-

tory negligence should not have been submitted to the jury. The judgment as to him is reversed for procedings not inconsistent with this opinion.

The appeal in the case of Robert B. Hicks is dismissed for the reasons heretofore stated.