**DR. PEPPER BOTTLING COMPANY, Inc., et al., Appellants,**

**v.**

**Myrtle RICKS et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 28, 1964.

Farland Robbins, Mayfield, for appellants.

Marvin Prince, Prince & Clayton, Boyce C. Clayton, Benton, David R. Reed, Paducah, for appellees.

MONTGOMERY, Judge.

Dr. Pepper Bottling Company, Inc., and its truck driver, J. L. Holmes, have appealed from a judgment awarding damages to Myrtle Ricks and her husband, John Ricks, in the respective sums of $6,000 and $1,000 arising from an auto collision. Before examining the grounds for reversal of the appeal, two motions to dismiss the appeal must be considered.

The appeal is attacked because Myrtle Ricks was not named as an appellee in the body of the statement of appeal as provided by RCA 1.090. In the caption of the statement, "Myrtle Ricks and husband, John Ricks" are designated as appellees.

The purpose of RCA 1.090 is to designate the parties taking the appeal and the parties against whom the appeal is taken. The situation here is the reverse of the one in Pelphrey v. Lemaster, 240 Ky. 759, 43 S.W.2d 29, wherein it was held to be sufficient that the names of appellees were shown in the body of the statement although the caption did not contain the names of all of the appellees. While the preferred practice indicated under RCA 1.090 would seem to be that the names should appear in the body of the statement, no valid reason is shown why designation by name of the appellees in the caption is not sufficient. The caption fulfills the purpose of the rule by indicating that Myrtle Ricks and John Ricks are both appellees. The cases cited by appellees are inapplicable.

Appellees also moved to dismiss the appeal because appellants failed to move for an appeal from such part of the judgment as awarded $1,000 to John Ricks. In support of the motion, appellees cite Garnett v. Hicks, Ky., 333 S.W.2d 509, wherein a single appellant appealed from a judgment in which one appellee was awarded $4,523.-48 and another was awarded $476.52. The opinion merely recites that a motion for an appeal is required under KRS 21.080, and it was held that the appeal as to the sum of $476.52 should be dismissed.

Garnett v. Hicks is directly in conflict with Spartman v. Rowlett, Ky., 312 S.W.2d 618, wherein an appeal was permitted by a single appellant from a judgment by which three appellees were awarded $5,000, $1,000, and $100, respectively, and the further sum of $1,947.70, collectively. No motion for an appeal was made.

The Court overruled the motion to dismiss under the following reasoning:

"Despite the fact that the amount in controversy as regards two of the appellees is below the amount for which an appeal lies as a matter of right, KRS 21.060, and despite the fact that the appellant failed to make a motion for an appeal of the actions instituted by these two parties, KRS 21.080, we are not disposed to dismiss the appeal because we believe that the form of the instructions and the manner in which the case was practiced warrant the treatment of the judgment as a single one. * * *"

The Court has recently considered the question of permitting an appeal where several sums, some of which are less than the required jurisdictional amount, when added together are more than the necessary

jurisdictional amount. See Creech v. Jackson, Ky., 375 S.W.2d 679 (1964). So far as an appellant is concerned, the total amount of the judgment is the amount in controversy. The division of the amount recovered in a judgment between or among appellees is of no concern to appellant. An appellant is concerned only with whether the whole amount must be paid.

■ The injustice of any other view is shown in the Garnett v. Hicks case where the appeal was dismissed as to a recovery of $476.52 and reversed as to the recovery of $4,523.48. Both of these amounts were awarded under the same liability. Therefore, if there was error as to one there was error as to the other. The same situation prevails here. There is no justice in denying an appeal as to the award of $1,000 to John Ricks if appellants have a meritorious appeal on the question of liability as to Myrtle Ricks. Both claims stand or fall on the same basis. As was pointed out in Spartman v. Rowlett, this has been permitted before. See also Browley v. Murkison, Ky., 282 S.W.2d 352. In Creech v. Jackson, the rule is more fully stated and authorities cited. Accordingly, the motion to dismiss the appeal on the John Ricks award should be denied. Garnett v. Hicks, Ky., 333 S.W. 2d 509, is overruled in part.

On the merits of the appeal it is contended that: (1) Appellants were as a matter of law not guilty of negligence; (2) the instructions were erroneous; (3) the damages are excessive; (4) there was an improper use of a blackboard; and (5) improper evidence was admitted.

The injuries sustained by appellees resulted from a collision between their car and a truck owned by Dr. Pepper Bottling Company and driven by Holmes near Possum Trot. The appellees were traveling west on U. S. 62. The truck was being driven north on Kentucky 1042 preparatory to stopping at the intersection of the highways and then making a right turn onto U. S. 62. A Mr. Bloodworth (not a party to this litigation) was driving his car east on U. S. 62. Holmes was unable to stop his truck at the intersection because of a claimed sudden failure of its service brakes which thereby caused it to collide with both cars.

■ The sufficiency of the evidence was raised on motions for summary judgment made by both parties and by appellants' motions for a directed verdict and for judgment notwithstanding the verdict. The ruling on the motions for summary judgment will not be reviewed. Clay, CR 56.03, Comment 10; Bell v. Harmon, Ky., 284 S.W.2d 812; Gumm v. Combs, Ky., 302 S.W.2d 616.

The evidence for appellants was to the effect that the brakes had been maintained in a proper working condition and had been operating satisfactorily prior to the sudden and unexpected failure which gave rise to the collision. Appellees contend that the truck was not properly equipped with brakes; that Holmes failed to use the hand brake; that he also failed to keep a lookout toward the direction of appellees' car; and that the truck could have been driven into the ditch to avoid the collision. All of these factors are important in considering the propriety of the truck driver's action in the emergency.

The rule has been stated thus:

"Where the evidence is conflicting or different inferences reasonably may be drawn from the evidence, it is for the jury, or for the trial court in actions tried without a jury, to determine whether defendant was confronted with an emergency, the nature and extent of the emergency, whether the emergency was created by defendant, and whether defendant conducted himself in the emergency as an ordinarily prudent person in like circumstances might have done. Where the evidence is undisputed and but one inference reasonably may be drawn therefrom, it is a question of law whether there was an emergency which would excuse defendant from liability and whether

in such emergency defendant acted as 'a reasonably prudent person would have acted under the circumstances."

61 C.J.S. Motor Vehicles § 526, pages 446–447. See also 8 Am.Jur.2d, Automobiles and Highway Traffic, Section 700, page 251; Moreland's Adm'r v. Stone, 292 Ky. 521, 166 S.W.2d 998; Depp v. Martin, Ky., 243 S.W.2d 665; Crawford v. Alexander, Ky., 259 S.W.2d 476; Jewell v. Dell, Ky., 284 S.W.2d 92; Knop v. Atcher, Ky., 308 S.W.2d 287; Shepherd v. Marcum, Ky., 334 S.W.2d 903. Cf. Agee v. Hammons, Ky., 335 S.W.2d 732.

 Appellants contend that the facts are not in dispute and the question of their negligence is, therefore, one of law. Veal v. Davis, Ky., 343 S.W.2d 593, is cited, but in that case the issue was submitted to the jury who found for the defendant. Here, different inferences of negligence or non-negligence could have been drawn from the facts by reasonable men. In such case the effect of the facts and the inferences to be drawn present a question for the jury. Middleton v. Partin, Ky., 347 S.W.2d 75. The court correctly overruled the motions.

■ The propriety of giving an instruction based on KRS 189.090 governing brakes is questioned by appellants. The argument is based on Veal v. Davis, Ky., 343 S.W.2d 593, wherein such an instruction was not given. It was held that the distance from the intersection was so short that failure to use the hand brake could not have been the proximate cause of the collision. Here, the service brakes failed when the truck was more than seventy feet from the intersection and was traveling only ten to fifteen miles per hour. Under these circumstances the lack of a proper hand brake or the failure to use it might have been the proximate cause of the collision, and such an instruction was proper.

■ Appellants complain of various other instructions but make no argument and cite no authority in support of their complaint. An examination of the instructions given reveals that they fairly submit the issue. There is likewise no merit in the claims of excessive damages and improper use of a blackboard. No proper objection appears to have been made to the latter. No objection on the trial was made to the admission of testimony of the witness, Walter Thurtell, and appellants will not be heard to complain now.

Judgment affirmed.