**6**

Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Plaintiff

v.

ANN-VIEN, INC., a Corporation, and Syman J. Viener, Defendants.

Civ. A. No. 7246.

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 21, 1961.

Harold C. Nystrom, Acting Sol., Washington, D. C., Beverly R. Worrell, Reg. Atty., William T. Truett, Atty., Office of Solicitor, U. S. Dept. of Labor, Birmingham, Ala., for plaintiff.

Jacobs & Jacobs, Atlanta, Ga., for defendant.

MORGAN, District Judge.

Plaintiff seeks an injunction under Section 17 of the Fair Labor Standards Act (29 U.S.C.A. § 201 et seq.) to permanently enjoin and restrain the defendants from violating the minimum wage provisions (29 U.S.C.A. § 206), the overtime compensation requirements (29 U.S. C.A. § 207), the record-keeping requirements (29 U.S.C.A. § 211(c)), the homeworker requirements (29 U.S.C.A. § 211 (d)), and the shipping provisions (29 U.S.C.A. § 215(a)) of that Act.

█ On or about October 12, 1961, plaintiff and defendants were given notice of a pre-trial conference to be held on October 23, 1961, attached to which was a copy of the Court's standing pre-trial order requiring counsel for the plaintiff and the defendants to submit to the Court during said conference a pre-trial order containing, among other things, the following:

"Witnesses.

"(a) In the absence of reasonable notice to opposing counsel to the contrary, plaintiff will call, or will have available at the trial: (list). Plaintiff may call: (list).

"(b) In the absence of reasonable notice to opposing counsel to the contrary, defendant will call, or will have available at the trial: (list). Defendant may call: (list)."

Counsel for plaintiff at the pre-trial conference declined to furnish a list of plaintiff's witnesses in compliance with the Court's standing pre-trial order, counsel stating that to do so would result in disclosing the identity of informers and, thus, breach the privilege which

is afforded the United States Government, and further claiming that parties to a civil suit should not be required to furnish the names of trial witnesses prior to trial, it not being proper procedure under the Federal Rules to require a party to a civil suit to furnish his adversary with a list of trial witnesses prior to the trial. Subsequent to the pre-trial hearing, plaintiff filed with the Court formal written objections to the Court's standing pre-trial order.

Under the standing pre-trial order of this Court, plaintiff and defendant are required to furnish to opposing counsel the names of witnesses that each party will call or will have available at the trial, and the names of witnesses each party may call. The order does not go so far as to require the general subject matter of each and every witness' testimony, but restricts both parties to witnesses who will be available at the trial.

Some Federal Courts, for many years, have made it a practice of using the pre-trial conference as a method for shortening the processes of discovery. Rule 26(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., expressly provides that discovery may be had concerning "the identity and location of persons having knowledge of relevant facts". Since the right of discovery is mutual and equal, no party is favored over any other party in achieving these purposes.

This Court is of the opinion that witnesses do not belong to one party more than to another, as has been stated many times by members of the Judiciary in prior decisions.

The pre-trial rules and the discovery rules were included in the Federal Rules of Civil Procedure in order that the sporting element may be taken out of litigation. To this end, the parties are entitled to obtain any and all factual data not privileged that is useful in preparing their defense. Berger v. Brannon, 10 Cir., 172 F.2d 241; Globe Cereal Mills v. Scrivener, 10 Cir., 240 F.2d 330; Kling v. Southern Bell Telephone & Telegraph Co., D.C., 9 F.R.D. 604.

One of the express reasons for the pre-trial conference is the elimination of surprise tactics. Rule 26 and Rule 16 of the Federal Rules of Civil Procedure, taken together, give the Courts broad powers to simplify litigation and to avoid surprise.

As stated above, it is not the intention of this Court to require that the parties involved in this litigation should furnish their adversaries, in advance of trial, with an outline of their case, or to state precisely the facts to which any witness will testify. However, the Court does not feel that the exchange of names of witnesses is likely to cause injustice, and the revealing the names of said witnesses can do much to eliminate surprise and expedite this litigation.

As Justice Frankfurter stated in Johnson v. United States, 333 U.S. 46, 68 S.Ct. 391, 395, 92 L.Ed. 468, "a trial is not a game of blind man's buff".

The contention of the plaintiff that the effect of the pre-trial order would, in essence, disclose the identity of informers in contravention of plaintiff's privilege against such disclosure is without merit. The pre-trial order simply requires that each party name its witnesses or prospective witnesses, and certainly during the actual trial of a case of this nature, if and when such witnesses testify, their identity would be revealed to the opposite parties.

The objections of the plaintiff are overruled, and the plaintiff is required to furnish to defendants the names of witnesses as provided in the standing pre-trial order.

It is so ordered.