**Harvey ROBINSON, Jr., Appellant,**

v.

**Velma B. CULL, Appellee.**

Court of Appeals of Kentucky.

June 16, 1967.

---

1. This ruling was upheld by the trial court.

struck by an automobile driven by appellant Harvey Robinson, Jr. A jury in the Jefferson Circuit Court awarded a verdict in the amount of $5,000 in favor of appellee. This appeal results.

The accident happened on Price Lane near the point where it is intersected by a private drive leading to the Fraternal Order of Police Lodge. In this area Price Lane is a two-lane level paved road. About 100 feet east a gradual decline begins and continues for about 500 feet. Two lights affixed to utility poles light the graveled Police Lodge parking area and provide some light on Price Lane approaching the point where the accident occurred.

Appellee testified she stopped on her way out of the Police Lodge driveway at the edge of Price Lane. She first looked to her right, then to her left, then back to her right again, and saw no traffic approaching from either direction. She then drove across the center of Price Lane and turned left, heading west at a speed of about 20 miles per hour. At that point she was struck by appellant's automobile. Appellee's teen-age daughter and a girl friend were passengers. They substantiated the testimony of appellee in its entirety.

Appellant testified he was driving west on Price Lane at a speed of about 30 miles per hour, with his lights on high beam. He saw appellee's automobile pulling into his traffic lane when he was about 25 or 30 feet from the intersection. He immediately applied his brakes and left about 10 feet of skid marks but was unable to avoid the collision.

There was testimony that appellant was intoxicated .when questioned by police officers after the accident. He denied he was drunk but admitted he drank three beers between 12:00 and 12:30 A.M., when he started home. One police officer testified he turned appellant's engine off immediately after the accident and another said he later turned off appellant's lights.

J. Walter Clements, Louisville, for appellant.

James B. Lenihan, Hargadon, Hargadon, Lenihan & Harbolt, Louisville, for appellee.

WILLIAMS, Chief Justice.

Appellee Velma B. Cull was injured when the automobile she was driving was

KRS 189.330(7) provides:

"The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right of way to all vehicles approaching on the highway."

Appellant argues that appellee simply failed to yield the right of way as required by statute, and a violation of the statute is negligence *per se* as a matter of law. He says she either looked, saw, and failed to yield, or did not look at all, either of which is negligence. And he says her claim that she did not see him demonstrates only that she did not look. Couch v. Hensley, Ky., 305 S.W.2d 765 (1957); Seamon v. Bolton, Ky., 351 S.W.2d 51 (1961).

Appellee, of course, counters by pointing out she looked carefully in each direction but saw neither automobile nor lights. The testimony is conflicting concerning just how much illumination the parking area lights provided on Price Lane.

■ The trial court instructed the jury on the duties of both parties, including a contributory negligence instruction relative to appellee. There was evidence before the jury sufficient to sustain a finding that appellant was negligent for driving an automobile while intoxicated and for driving at night with no lights. And it could have found appellee guilty of negligence for failing to see appellant's automobile approaching. Under the circumstances we believe the trial court properly instructed the jury, and the verdict in favor of appellee was proper.

■ The duty to look implies the duty to see what is obvious unless there is some excuse for not seeing it. In Farris v. Summerour, Ky., 296 S.W.2d 708 (1956), we quoted from 60 C.J.S. Motor Vehicles § 353(b), p. 841, as follows:

"* * * However it is only where the approaching danger is plainly visible that one cannot be heard to say that he looked without having had notice of the danger, and the mere fact that a driver might have seen the other vehicle moving into the intersection in time to have avoided the accident does not necessarily bar recovery."

Here the appellee and both of her passengers looked, but the automobile of appellant was not visible. The jury was justified in believing that had the lights been on they could have and would have seen it.

■ The trial court gave a punitive damage instruction as well as a compensatory damage instruction. The jury did not award punitive damages. The verdict explicitly provided the award was for compensatory damages. It has been consistently held that giving an instruction on punitive damages is harmless when the award is compensatory only. St. Bernard Mining Co. v. Ashby, 164 Ky. 416, 175 S.W. 626 (1915); Combs v. Stewart, 301 Ky. 50, 190 S.W.2d 861 (1945).

■ The jury awarded appellee a total of $5,000. Her medical bills, loss of earnings, and damage to the automobile amounted to $2,293.32. She suffered injury to her neck and back which was very painful and had continued sporadically over a long period of time. There was medical testimony that she would continue to require treatment in the future. Considering the months of pain and suffering appellee has been subjected to, along with the prospect of more in the future, the verdict does not appear excessive.

The judgment is affirmed.

All concur.