**Lula Marie WAGONER et al., Appellants,**

v.

**Kay R. ROBERSON et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 13, 1970.

Cletus E. Amlung, Louisville, for appellants.

Richard I. McIntosh, John P. Sandidge, Woodward, Hobson & Fulton, Louisville, for appellees.

CLAY, Commissioner.

In this automobile accident case the jury found for the appellee defendants. On appeal the only issue is whether the trial court properly instructed the jury.

The accident occurred one morning in Louisville at the intersection of Brook and Chestnut Streets, where traffic is controlled by a traffic light. Appellant plaintiffs were proceeding east on Chestnut. The defendant driver had just come off the North-South Expressway and was proceeding northwardly down the ramp into the intersection. When about halfway down the ramp the traffic light turned red for her. She testified that she attempted to apply both her service and emergency brakes but they failed to stop her and she collided with plaintiffs' automobile and two others in the intersection. Her only defense was that the brake failure absolved her of negligence. There was proof the brakes had been inspected a week before the accident, and they had operated properly that morning before the accident.

The court submitted the issue of brake failure by the following instructions:

"(1) *The law of this case is for the plaintiffs,* Lula Wagoner and Clifton Wagoner, and the jury will so find unless you believe from the evidence the collision concerning which you have heard evidence was *caused and brought about* by a sudden failure of the brakes on the defendant's automobile which the defendant, by exercising ordinary care in checking and maintaining the braking system, could not have known would have occurred." (Emphasis added)

\*     \*     \*     \*     \*     \*

"(3) 'Ordinary care,' as that term is used in these instructions, means that degree of care customarily exercised by ordinarily reasonable and prudent persons in checking and maintaining the braking system on automobiles of like and similar make and age to that concerning which you have heard evidence."

■  It is plaintiffs' contention that there were many other issues of negligence which the trial court erroneously failed to submit to the jury. They insist the jury should have been instructed with respect to defendant driver's duty to keep a lookout, to operate at a reasonable speed and to have her car under reasonable control. In our opinion any alleged breach of these specific duties became irrelevant when the trial court *directed the jury to find for the plaintiffs* unless the accident was caused by a mechanical failure for which defendant driver was not responsible. The instructions assumed the driver was at fault in the sense that the improper operation of her automobile was the cause of this accident. It would have served no purpose to itemize her general duties.

■  It is further contended the jury should have been instructed that it was the driver's duty to use reasonable care when she was confronted with the emergency of the brake failure, which included shifting gears, altering her course or sounding her horn. There is no proof that the emergency situation afforded her a reasonable opportunity to take these steps or that she could have effectively taken them so as to avoid the collision. The evidence shows that the defendant driver, while operating at a reasonable speed, was confronted with a sudden emergency when she was committed to a normal course of action on a "quite steep grade". Apparently her brakes had slowed her automobile appreciably before entering the intersection and, under the circumstances shown, there was no alternative course of action she fairly could be required to take nor is there anything but speculation that the accident could have been otherwise avoided.

It is further contended the jury should have been instructed concerning six separate duties under KRS 189.090 with respect to the inspection, maintenance and condition of the braking systems on the vehicle. The cases of Whitney v. Penick, 281 Ky. 474, 136 S.W.2d 570 (1940), and Dr. Pepper Bottling Company v. Ricks, Ky., 376 S.W.2d 299 (1964), are relied on by plaintiffs. In the Whitney case no attempt was made to use the brakes. In the Ricks case no attempt had been made to use the emergency brake. In the present case the driver testified she used both.

In Veal v. Davis, Ky., 343 S.W.2d 593 (1960), it was held that it was not proper to give an instruction based on KRS 189.-090 under circumstances similar to those presented here. We believe the necessity or propriety of giving such an instruction must be determined by the particular facts involved. In our opinion instruction No. 3 (above quoted) sufficiently advised the jury of the driver's duties with respect to checking and maintaining the braking system.

Plaintiffs finally contend the jury should have been instructed that the failure of the brakes must have been the "sole proximate cause" of the accident to entitle the defendants to a verdict. Those words have no particular magic. The instruction given adequately informed the jury that they could not find for the defendants unless the sudden brake failure for which defendants were not negligently responsible was the *cause* of this accident. We do not think the jury was misled by the failure to use the words "sole" and "proximate". In framing this instruction, the trial court was following the principle laid down in Barker v. Sanders, Ky., 347 S.W.2d 529 (1961). Here, as in that case, the issue of liability was narrowed to a single question. The instructions given adequately presented that question to the jury.

The judgment is affirmed.

All concur.