**J. H. ADAMS, Appellant,**

v.

**John H. COMBS, next friend of Benetta Combs, a minor, 9 years of age and City of Salyersville, Appellees.**

Court of Appeals of Kentucky.

March 26, 1971.

Eugene C. Rice, Paintsville, for appellant.

Perry & Greene, Paintsville, Marcus Mann, Salyersville, for appellees.

CULLEN, Commissioner.

A bicycle which nine-year-old Benetta Combs was riding down a subdivision street in Salyersville struck a hole in the street and Benetta was thrown to the ground. Two upper front teeth were cracked, a chip being broken out of one of them, and she sustained a cut in her leg below the knee which required three stitches, through her father as next friend she sued J. H. Adams, a contractor who had installed a water line crossing the street, and the City of Salyersville. The city was given a directed verdict relieving it of liability. The jury returned a verdict for $500 against Adams. The plaintiff's motion for a new trial was sustained on the ground that the damages were inadequate, and a new trial was granted, confined to the issue of damages. On the second trial a verdict for $6,000 was returned and judgment was entered accordingly. Adams has appealed from that judgment, asserting numerous grounds of error.

At the time of the accident a young girl friend of Benetta's was riding on the back of the bicycle. The appellant Adams' first contention is that it was contributory negligence as a matter of law for Benetta to "ride double" on the bicycle. Adams cites no authority for that proposition and it is sufficient for us to say that we are not persuaded of its validity.

The negligence of which Adams was charged consisted of his failure to restore the surface of the street to a safe condition after having cut a trench across it to lay water pipes. He had back-filled

the trench with gravel but had not repaved it with blacktop. A volunteer subsequently had put a thin layer of blacktop over the fill but holes had developed along the edges of the fill. Adams' work was done almost two years before the accident. He contends that he should not be held liable because of the intervention of the volunteer's act of putting a coating over the fill, and because of the lapse of time during which vehicle travel broke up the paving. In substance he argues lack of foreseeability and lack of proximate cause. We find no merit in the argument. We think it is plain that if a contractor leaves a trench across a paved street, filled only with gravel, he should anticipate that holes will develop. He should have no reason to anticipate that anyone else would repair the situation, and he should anticipate that vehicles would use the street, so the lapse of time and the wearing of the street by vehicles would not constitute intervening causes. The fact that a volunteer did try to patch the street, and did not do it satisfactorily, is no ground for relieving Adams of liability, since the patching work did not worsen the condition in which Adams left the street.

Adams contends that the trial court erred in granting a directed verdict in favor of the city, against which he had filed a cross-claim for indemnity. The evidence showed that the street in question had not been accepted by the city and therefore the city had no obligation to maintain it. In any event Adams would have no basis for a claim of indemnity against the city because it was his primary and active negligence that created the dangerous situation and the city's negligence in failing to remedy the situation would be only secondary and passive. See Brown Hotel Company v. Pittsburg Fuel Company, 311 Ky. 396, 224 S.W.2d 165; Kentucky Utilities Company v. Jackson County Rural Electric Cooperative Corporation, Ky., 438 S.W.2d 788.

Adams' remaining contentions relate to damages. He maintains, first, that the original verdict of $500 was not inadequate and therefore the trial court erred in granting a new trial. Admittedly, the main source of damages is the cracked condition of the teeth (the evidence did not *require* a finding of any substantial damages attributable to the cut on the leg). The plaintiff's dentist testified that the teeth were damaged beyond repair or recovery; that they would have to be removed and replaced either by root canals with crowns or by a fixed bridge; that the removal and replacement operation would have to wait until the child reached age 14 to 16 (five to seven years); that she would require treatment in the meantime; that the removal and replacement of the teeth would be a substantial process; that in the meantime the child would suffer moderate pain by exposure of the teeth to heat or cold, and would be subject to the embarrassment of having an open space in her front teeth where the chip was broken off; and that the replaced teeth would affect her appearance, eating ability, and perhaps her speech. Another dentist gave contrary testimony to the extent that he said that the two cracked teeth would not have to be removed; they were still living and probably would self-repair to a considerable extent although it would be a slow process; and that only one of the teeth would require a crown (because of the chip). He agreed, however, that the child would suffer pain upon exposure of the teeth to heat or cold, and that the crown work should wait until the child reached age 12 to 15.

Under the foregoing evidence, giving it the interpretation most favorable to the defendant, we cannot say that the award of $500 damages was so plainly adequate that the finding of the trial court to the contrary was clearly erroneous. See City of Louisville v. Allen, Ky., 385 S.W.2d 179. We think that the trial court reasonably could find that damages arising from the cost of capping one tooth (a minimum of $75), the pain and suffering for a period of 3 to 6 years from sensitivity to heat and cold, and the mental anguish aris-

ing from suffering a marred facial appearance for the same period, were such that the award of $500 did not meet the minimum requirements of adequacy.

The appellant argues finally that the award of $6,000 on the second trial is excessive. Again, the damage to the teeth has to furnish the main support for the award. Some damage, however, can be attributed to the cut on the knee, which caused temporary pain, left a scar, and according to the plaintiff continues to cause pain. As to the teeth, we must now give the evidence the interpretation most favorable to the *plaintiff*, since we are considering the question of excessiveness. Under the evidence hereinbefore set forth, giving it such interpretation, we cannot say that the award is excessive. We think substantial damages should be allowable for the loss by a young girl of two upper front teeth, accompanied by the expense and pain of replacement, and the physical and mental suffering endured over a period of 5 to 7 years before the replacement is effected.

The judgment is affirmed.

MILLIKEN, C. J., and EDWARD P. HILL, Jr., OSBORNE, PALMORE, REED and STEINFELD, JJ., concur.