Regina ELMORE (Peak) et al., Appellants,

v.

Deanna Lynn SPEICHER, Infant, by her
Father and Next Friend, Raymond
Speicher, Appellees.

Court of Appeals of Kentucky.

June 9, 1972.

Lively M. Wilson, Stites & McElwain, Louisville, for appellants.

Edward M. Post, Taustine, Post, Berman, Fineman & Kohn, Louisville, for appellees.

REED, Judge.

The plaintiff, Deanna Lynn Speicher, a five-year-old child, was awarded $21,542.80 in a jury verdict for personal injuries suffered by her when she was struck by an automobile driven by the defendant, Regina Elmore (Peak). The defendant has appealed from the judgment based upon the verdict.

Defendant asserts that the single question for review is whether the amount of the verdict was excessive. Hence, we assume that the case was properly submitted to a correctly instructed jury and must view the evidence relevant to the issue of damages in the light most favorable to the plaintiff. We affirm the judgment because we have concluded that we are unauthorized to upset the jury's determination.

The plaintiff was dragged under an automobile from where she was struck for a distance of at least a car length. She was found under the car. Three extensive abrasions appeared on her body. The injuries produced were similar to burns and during the course of her medical treatment in the hospital she was treated in the same manner as a burn victim. Her pubis was fractured but the fracture was in good position and required no treatment other than bed rest. The fracture healed and it is not anticipated that it will cause future difficulty.

The abrasive wounds, however, became infected. This necessitated that they be frequently cleansed with soap and silver nitrate applied. The treatment was productive of pain. Because of the infection, the injured child had to be put in isolation for 21 of the 29 days she was in the hospital. Only her parents could visit her for short periods of time during which they had to wear masks, robes and gloves. Colored photographs were introduced that illustrated the three scars which resulted from the abrasions.

Although the photographs were made in March 1969, eight months after the injury and fourteen months before trial, the trial judge who observed the plaintiff noted that the appearance of the scars at the trial was not materially different from that portrayed in the photographs except the scars were healed more. A scar on the hip and a rather large one on the thigh had produced keloid scar tissue. A scar on her back, however, was flat. The treating physician testified that the scar on the thigh was the only one that treatment could possibly improve. He stated that plastic surgery might make this scar smaller but would not eliminate it. This physician also said that the other scars would improve "over the next year or so."

His testimony was given by deposition in November 1968. The trial was in May 1970, and the observation of the trial judge (stated, of course, out of the hearing of the jury) evidenced that the improvement predicted certainly did not mean that these scars would disappear. The child's mother testified she was self conscious about the scars and, of course, the jury was able to observe the child during the trial. It is conceded that the scars itched up to the time of the trial and that vaseline was applied to them three times a week. The scarred areas were sensitive.

The special damages incurred amounted to $1,542.80. The length of hospitalization was 29 days. The plaintiff faces the possibility of future plastic surgery.

The defendant argues that there was a lack of evidence of permanent injury. We disagree. The defendant also argues that there can be no recovery for disfigurement as such and cites Roland v. Murray, Ky., 239 S.W.2d 967 (1951). Although that case so holds, that is not to say, however, that a plaintiff may not recover for past pain and suffering, physical and mental, and future suffering in that category if the evidence warrants it. Rietze v. Williams, Ky., 458 S.W.2d 613 (1970).

Although both parties to the appeal frankly recognize the weakness of comparing the amount of damages awarded in one case with another as a test of excessiveness or inadequacy, nevertheless, the principles by which the particular amounts are tested are helpful. The defendant relies upon cases decided when the value of the dollar was greater than it is today. In some of them an adult plaintiff who had incurred minimal special damages sought to recover on the theory of impairment of his power to earn money. The considerations in those cases are not particularly helpful in the case at bar.

In Adams v. Combs, Ky., 465 S.W.2d 288 (1971), where a nine-year-old plaintiff suffered a cut on the knee, which caused temporary pain, left a scar and, according to the plaintiff continued to cause pain and where she injured two upper front teeth which would necessitate later having them capped with the expense and pain of replacement and accompanied by sensitivity to heat and cold in the interim, an award of $6,000 was regarded as not excessive. In Reitze v. Williams, Ky., 458 S.W.2d 613 (1970), a 1½-year-old child was burned by hot water on the tops of her feet. A skin graft operation was performed on the top instep of her right foot. This portion of her right foot remained badly scarred and keloid scar tissue formed. Although there was no evidence of permanent impairment of her power to earn a livelihood and despite her plastic surgeon's testimony that

she would not require any further medical treatment, this court found that she had sustained a grievous and severe injury which the evidence indicated would be a source of discomfort for years to come. We, therefore, refuse to set aside as excessive a verdict of $21,339.92 which a jury had awarded her.

It is argued that in the Rietze case there was evidence that if the injured child wore an ordinary shoe on the right foot it would rub and irritate it and that as she grew the heavy scar tissue would cause her toe to be drawn into a deformed position which would probably require release by further skin grafts, and that such character of evidence is absent here. That may be so, but when one considers the permanency of the injury, the presence of keloid scar tissue and the specific recommendation of future surgery, the difference between the respective situations, so far as judicial rejection of the determination by a jury for excessiveness is concerned, becomes minimal.

■ As in Rietze, this infant plaintiff cannot adequately portray by testimony the relevant considerations; inferences are necessarily resorted to in such cases. The evidence certainly supported an inference that this child had a frightful experience during her stay in the hospital. The type of injury and the type of treatment administered to a child of this age certainly can be regarded by objective people as productive of considerable physical and mental suffering. The jury could also legitimately conclude from the evidence that the scars were permanent and had not improved insofar as they cause discomfort. The pain and suffering necessarily attendant in future plastic surgery was also a legitimate element on which the jury and not the judges had to put a price tag.

On the whole evidence, therefore, viewed in light of the instructions, we, as the trial judge, cannot say that this verdict is so patently unreasonable or so completely in disregard of the evidence and the permissi-

ble inferences that could be drawn from it by impartial people that a court should substitute its evaluation for that made by the jury.

The judgment is affirmed.

All concur.