David CLARK et al., Appellants,

v.

Shannon Gail JOHNSTON, By and Through
her father and next friend, Clifford
Johnston, et al., Appellees.

Court of Appeals of Kentucky.

March 23, 1973.

E. Louis Johnson, Owensboro, for appellants.

Beckham A. Robertson, Richard A. Robertson, Robertson & Robertson, W. Gordon Iler, Clarence McCarroll, Bartlett, McCarroll & Nunley, Owensboro, for appellees.

STEINFELD, Justice.

Appellee Shannon Gail Johnston, by and through her father and next friend, Clifford Johnston, recovered a judgment in the amount of $9006.39 against appellants David Clark, D. J. Clark and Charles E. McCarty. Appellee Robert Stephen Llewellyn recovered a judgment in the amount of $2756.50 against the same appellants, and Robert E. Llewellyn and his wife recovered judgment in the amount of $690 against the same appellants. These judgments are now before us on appeals. We affirm in part and reverse in part.

On December 7, 1968, at approximately 11:30 p. m. Shannon was riding as a front-seat passenger in a Corvair automobile being driven northwardly by Robert on Carter Road (an inferior 18-foot-wide road), about one-half mile west of the city limits of Owensboro, Kentucky. The Corvair was owned by Robert's parents, Mr. and Mrs. Robert E. Llewellyn. At that time a Pontiac automobile belonging to D. J. Clark was being driven eastwardly by Charles E. McCarty on Parrish Avenue, which is a 20-foot-wide superior highway designated as Ky. 54. David was a front-seat passenger, in charge of his father's Pontiac. The two vehicles collided in the southeast quadrant of the intersection, the Pontiac striking the Corvair on the left side after it had proceeded approximately 6 feet into Parrish Avenue.

The night was dark, the weather was cold and clear, and the pavement was dry. The only sources of area lighting were an electric sign approximately 87 feet from the point of impact and another approximately 700 feet from that spot. Also there was a flashing red-signal light at the center of the intersection alerting the traffic on Carter Road and a yellow light alerting the

traffic on Parrish Avenue. An investigating officer testified that there was a light pole located at that intersection, but he did not know whether there was illumination on the pole. A stop sign directed vehicles moving on Carter Road to halt before entering Parrish Avenue.

Robert testified that he stopped the Corvair at the intersection; that he looked in both directions to ascertain whether there was any oncoming traffic—first to his right, then to his left and again to his right—before pulling out into Parrish Avenue with the intention of crossing the intersection and continuing north on Carter Road. Shannon stated that she casually looked in both directions for any oncoming traffic. Both testified that there were no illuminated automobile headlights approaching from their left—the direction from which the Pontiac was traveling, and that they saw no car coming from that way. Robert and his passenger testified that they did not see the Clark vehicle before the impact and neither heard the sound of the horn nor the sound of brakes being applied.

Charles testified that he was proceeding east on Parrish Avenue at approximately 30 miles per hour in a 45-mile-per-hour zone. Both he and David said that their headlights were on. Charles stated that he did not see the Llewellyn car until he was approximately two car-lengths from the intersection, at which time Robert pulled out in front of him. (Charles' deposition indicated that he first saw the car when he was ten car-lengths away.) He applied his brakes and laid down 45 feet of skid marks before the collision occurred.

Various motions for directed verdicts were made, but all were overruled. The Clarks and McCarty contend that the trial court committed error in refusing to instruct the jury to find in their favor and in overruling their motion for a judgment notwithstanding the verdicts. Specifically, they say that a driver of an automobile on an inferior highway should not be allowed

to recover from the driver or owner of the vehicle on the superior highway. They contend that Robert violated KRS 189.-330(5) in failing to yield the right of way to the Pontiac. They overlook the fact that we have said many times that the right of the vehicle on the superior highway is qualified and not absolute. See for example, Webb Transfer Lines, Inc. v. Taylor, Ky., 439 S.W.2d 88 (1968), and Baker v. Case Plumbing Manufacturing Co., Ky., 423 S.W.2d 258 (1968). We think the present case is quite like that decided in Robinson v. Cull, Ky., 416 S.W.2d 346 (1967). Because of the testimony of Robert and Shannon that there were no headlights burning on the Pontiac, which testimony, for this purpose, must be viewed in a light most favorable to them, a jury issue was presented. Bailey v. Barnett, Ky., 470 S.W.2d 331 (1971). The presence of artificial lighting 87 feet and 700 feet away and that from the flashing traffic signals did not so completely overcome the testimony of the Corvair occupants that they looked and did not see the approaching Pontiac as to make those statements incredible.

■ The trial court instructed the jury to award Shannon such sum in damages as would fairly and reasonably compensate her for permanent disfigurement. This young lady received facial injuries resulting in permanent scarring. Appellants argue that she may not recover on that basis, that the measure of damages was the permanent impairment of her power to earn money. We agree. See Elmore v. Speicher, Ky., 481 S.W.2d 673 (1972); Roland v. Murray, Ky., 239 S.W.2d 967 (1951); and Spencer v. Webster, 305 Ky. 10, 202 S.W.2d 752 (1947).

The judgment in favor of Shannon must be reversed for a new trial, but solely for the purpose of determining the damages to which she is entitled.

■ The court instructed the jury as follows:

"It was the duty of the defendant, Robert Stephen Llewellyn, to bring the car he was driving to a complete stop before proceeding on or across Parrish Avenue, and if the defendant, Charles E. McCarty, had the right-of-way as herein set out, it was the further duty of the defendant, Robert Stephen Llewellyn, to yield the right-of-way and not proceed on to or attempt to cross Parrish Avenue until, in the exercise of ordinary care, there was no danger of colliding with the car driven by the defendant, Charles E. McCarty."

Appellants' sole claim on this appeal with respect to the instructions was that it was error not to heed their request that the jury be instructed that it was the duty of Robert, in operating the Corvair, to drive it at a reasonable speed, to have it under reasonable control, and to keep a lookout. All of these duties were included in the instruction regarding Robert's duty to yield. The instruction met the test announced in Wagoner v. Roberson, Ky., 450 S.W.2d 270 (1970); Swartz v. Humphrey, Ky., 437 S.W.2d 750 (1969), and Barker v. Sanders, Ky., 347 S.W.2d 529 (1961).

On cross-examination counsel for appellants asked Shannon, and she answered as follows:

"Q2. And he picked you up at home and you all went, I suppose, directly to Daviess County High School?

A. Yes sir we did.

Q3. Did you observe or comment on the manner in which he was driving on that trip?

A. No sir.

Q4. Was he driving in a satisfactory manner?

A. Yes sir he was.

Q5. Then after you left the Daviess County High School and went to

**450**

Cornell's, did you tell him how to drive or leave it up to him?

A. No sir I didn't.

Q6. Was it satisfactory the way he was driving?

A. Yes sir."

As a part of the defense appellants attempted to introduce testimony to show that about thirty minutes before the accident Robert had driven recklessly into Cornell's restaurant, some two miles from the scene of the accident. This testimony was rejected for the reason that the witness who sought to testify was not included in the list of witnesses furnished to the court and to opposing party at the pre-trial conference as those expected to testify. CR. 56. Jackson v. Kroblin Refrigerated Xpress, Inc., D.C.W.Va., 49 F.R.D. 134 (1970); Goldberg v. Ann-Vien, Inc., D.C. Ga., 29 F.R.D. 6 (1961). The witness testified by avowal. Appellants contend that this rejection was error. We disagree. This subject was injected by appellants, therefore, in its discretion, the court was justified in holding the defense to the list of witnesses supplied. Also, the avowal shows that this witness had not observed the operation of the Corvair for about one-half hour before the collision and only at a point two miles from the scene of the accident. Furthermore, if there was error, it was not prejudicial.

The judgments in favor of Robert Stephen Llewellyn and Robert E. Llewellyn and Mrs. Robert E. Llewellyn are affirmed. The judgment in favor of Shannon Gail Johnson is reversed for further proceedings consistent with this opinion.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.