**Margaret VINSON et al., Appellants,**

**v.**

**Offie Dean CHADWICK as the next friend of Vickie Lynn Chadwick and Jeffrey Lee Chadwick, Infants, Appellees.**

Court of Appeals of Kentucky.

March 15, 1974.

John A. Gregory, Jr., Hughes & Gregory, Murray, for appellants.

George Edward Overbey, Jr., Overbey, Overbey & Overbey, Murray, for appellees.

JONES, Justice.

Appellants, Margaret Vinson, Richard Vinson, Evelyn Martha Vinson and Jack Vinson, d/b/a Golden Empire Show, hereinafter referred to as Golden Empire, appeal from a default judgment and a jury verdict awarding damages to appellee, Offie Dean Chadwick, as the next friend of Vickie Lynn Chadwick, age eleven, and of Jeffrey Lee Chadwick, age seven.

On July 17, 1969, Vickie Lynn and Jeffrey Lee were injured while passengers on

an amusement ride called a "Tilt-a-Whirl," operated by appellants at the Calloway County Fair.

The jury awarded $10,000.00 damages for injuries to Vickie Lynn and $500.00 for injuries to Jeffrey Lee.

The issue of liability was not presented to the jury because a default judgment was taken against Golden Empire for failure to file responsive pleadings within the time allowed by CR 12.01.

On appeal, Golden Empire contends: (1) that the verdicts were excessive; and (2) that the trial court erred in refusing to set aside the default judgment.

Vickie and Jeffrey were riding on the amusement machine which spins about in a circular motion at varying speeds when the back part of the machine broke loose and came forward over the children, striking and injuring them. Jeffrey's principal injury was a blow to the right side of his head, resulting in a "big lump." Jeffrey's activities were restricted for approximately one week, during which he had severe headaches. His medical expenses were $33.00.

The injury to Vickie was more severe. She suffered an injury about her left eye and cheek. Her left eye was badly swollen for two weeks, and she was unable to see out of the injured eye for approximately one week. Her activities were substantially restricted for two weeks following the accident and she complained of a "burning" sensation in and about her left eye at the time of the trial, 16 months after the accident.

There is some conflict in the testimony of the attending physicians as to the nature and the extent of Vickie's injuries. It is noted, however, that Dr. James C. Hart, a witness for Golden Empire, who saw Vickie the day after the accident, testified as follows:

"She showed evidence of a right severe injury. She had been hit over the left eye. She had considerable hemotoma or bruises of both upper and lower eyelids. She had a subconjunctival hemorrhage of the left eye. She had a sinus which had fluid or blood in it from the blow. I felt she had a fairly severe external injury."

Dr. Hart further testified that Vickie had as a result of her injury a small lateral facial scar over the cheek bone.

Dr. Robert Reeder, whose specialty is in plastic and reconstructive surgery, examined Vickie some 14 months after the injury. He testified that the facial scarring "is located beneath the left eye at roughly the juncture of the lower eyelid with the cheek . . . measuring slightly over one inch. . . ." He further testified that there was a "redundancy or puffiness located beneath the scar or actually in the upper portion of the cheek roughly the length of the scar and that this was a manifestation of some interference with the lymphatic and venous drainage in the area of the injury." Dr. Reeder stated that although the scarring could be improved by surgery it could not be eliminated completely. He was concerned with the redundancy or puffiness and expressed hope that there could be restored "as near normal a contour to the cheek as possible." Dr. Reeder stated that surgery to correct the puffiness and the scar should not be administered until Vickie was approximately 14 years of age for the best result and pointed out that within the next few years of rapid growth, Vickie "may tend to form an excess of scar in the operative area and that there may be additional distortion."

The medical evidence reflects also that the surgery would cause considerable pain and suffering, and that even if the surgery were to yield the best results, the scar would still be visible.

Vickie's medical expenses incurred prior to trial plus those she would incur for the

surgery were shown to be $1,077.00. It is difficult to place a dollar value on physical pain and suffering, as well as mental anguish, and "there is no mathematical forumla by which an appellate court or trial court may determine whether a verdict for personal injuries is excessive." Field Packing Company v. Denham, Ky., 342 S. W.2d 524 (1961).

The jury, as trier of the facts, had the task of fixing the damages for the personal injuries of Jeffrey and Vickie. They heard the evidence; they saw Jeffrey and Vickie. The jury made a determination and awarded damages for the personal injuries, and we will not usurp the province and the function of the jury. Based upon the evidence as to the extent of the injuries, we are of the opinion, and so hold, that the award to Jeffrey Lee Chadwick, in the amount of $500.00, and the award to Vickie Lynn Chadwick, in the amount of $10,000.00, are not excessive. Adams v. Combs, Ky., 465 S.W.2d 288 (1971).

Golden Empire's contention that the trial court should have set aside the default judgment is not supported by the record. The accident happened July 17, 1969. Suit was filed July 19, 1969, with summons being served the same day. On August 11, 1969, a default judgment was taken as to the liability of appellants. Appellants contend that the delay in filing responsive pleadings resulted primarily from the lack of understanding between the insurance company's office in New York, and an adjuster in Somerset, Kentucky.

We are of the opinion that the record does not demonstrate any abuse of discretion by the trial judge when he overruled the motion to set aside the default judgment. See CR 55.02.

The judgment is affirmed.

All concur.