William T. HICKS, Appellant,

v.

Wayne C. COLE, Appellee.

Court of Appeals of Kentucky.

Nov. 18, 1977.

Rehearing Denied and Ordered Published Feb. 17, 1978.

Discretionary Review Denied June 6, 1978.

Russell S. Armstrong, Evansville, Ind., George B. Baker, Jr., Rhoads & Baker, Henderson, for appellant.

Tommy W. Chandler, Providence, for appellee.

Before HAYES, HOWARD and WILHOIT, JJ.

HOWARD, Judge.

This is an appeal from the Webster Circuit Court wherein a jury trial was had and a verdict was returned in favor of defendant-appellee, Wayne C. Cole (hereinafter referred to as defendant).

Plaintiff-appellant, William T. Hicks (hereinafter referred to as plaintiff), raises only procedural errors on this appeal. Therefore, the merits of this case will not be discussed except as it pertains to these errors. Plaintiff raises more specifically: (1) Whether or not the defendant was required to timely and properly answer the interrogatories submitted to him by plaintiff before defendant took the deposition of Dr. Bryant A. Bloss, as an expert witness; and 2) Was it error for the trial court to admit into evidence the said deposition of Dr. Bryant A. Bloss over the objection of plaintiff?

This action was brought by plaintiff against defendant, a doctor, seeking damages because of defendant's alleged negligence. On September 14, 1973, plaintiff served interrogatories upon defendant and on October 12, 1973, answers to these interrogatories were served by the defendant. A portion of the said interrogatories and answers reads as follows:

5. State the names, addresses and qualifications of any expert witnesses proposed to be used by the Defendant upon the trial of this action.

A. I have not at this time made arrangements to use expert witnesses in the trial of this action. If and when such witnesses are determined and if their testimony is to be given in person at the trial of this case, I will provide the information sought under this interrogatory.

6. Identify by name, address and qualifications, each person whom the Defendant expects to call as expert witnesses at the trial and state the subject matter and particularity on which the expert is expected to testify and a summary of the grounds for each such opinion.

A. I have not at this time made arrangements to use expert witnesses in the trial of this action. If and when such witnesses are determined and if their testimony is to be given in person at the trial of this case, I will provide the information sought under this interrogatory.

7. State the names and addresses of all witnesses who will testify for the Defendant upon the trial of this action.

A. With the exception of myself, the only other witness I anticipate at this time calling is my receptionest, Rose Glover.

8. State with particularity what each witness, other than the experts, will testify to upon the trial of this action.

A. You have already taken the deposition of Rose Glover, and are, therefore, already informed as to the nature of her testimony. This interrogatory shall be considered continuing, and supplemental answers shall be required if defendant, directly or indirectly obtains further information of the nature sought herein between the date answers are served and time of trial.

On October 19, 1973, defendant served upon plaintiff a notice to take the deposition of Bryant A. Bloss, M. D., with said deposition to be taken in Evansville, Indiana on November 6, 1973. No additional answers to the said interrogatories were served. On November 6, 1973, plaintiff objected to the taking of the deposition and over this objection, defendant proceeded to take the deposition of Dr. Bloss. Plaintiff cross-examined the doctor at this deposition.

On June 20, 1974, the trial court set the case to be tried before a jury on September 30, 1974. On August 6, 1974, defendant moved for and received a hearing held on August 9, 1974, about plaintiff's objections to the use of Dr. Bloss's deposition. Plaintiff's attorney did not attend the hearing, and the trial court entered an order overruling plaintiff's objection to the taking of the deposition and its use at trial. Plaintiff again objected at trial to the use of Dr. Bloss's deposition. The objection was overruled and the deposition was read into evidence.

Under CR 26.02(4)(a)(i) a party may, through interrogatories, obtain from any other party a list of the expert witnesses expected to be called *at trial* and the subject matter which will be testified to. (Emphasis added). This is designed to give the opposing party a chance to prepare for the trial itself. Under CR 26.05(a)(ii) there is a duty to supplement the list of any expert witnesses expected to be called *at trial*. (Emphasis added).

Defendant gave notice to plaintiff, pursuant to CR 30.01, to take the deposition of Dr. Bloss. Pursuant to CR 32.01, the testimony of Dr. Bloss was read into evidence and included plaintiff's cross-examination of the doctor. Also, plaintiff was granted a hearing on the propriety of using Dr. Bloss's deposition at trial. Had plaintiff's attorneys appeared at this hearing and convinced the trial court that the deposition should not be used at trial, defendant would still have been able to secure Dr. Bloss at trial or whatever other testimony was needed by defendant.

By following the notice of deposition procedure, defendant put plaintiff on notice that the deposition of Dr. Bloss might be used at trial. The interrogatories propounded by plaintiff were to give him notice of what experts defendant intended to have testify at trial. This is not such a case as *Clark v. Johnston*, Ky., 492 S.W.2d 447 (1973), where the court rejected the testimony of a witness who was not included in the list of witnesses furnished to the court and the opposing party at the pre-trial conference as those expected to testify. In the present case, the purpose and spirit of the Civil Rules have been complied with.

We feel that it was not error to admit Dr. Bloss's deposition as testimony in the trial. Plaintiff had his day in court and presented evidence contradictory to the testimony of Dr. Bloss. The jury simply found for the defendant.

The judgment of the trial court is affirmed.

All concur.