feasible, alternative design or evidence to establish the extent of injuries he would have suffered had such an alternative design been utilized in General Motors's vehicles.  Such a failure of proof dooms this alternate ground for recovery as well.

In short, despite any sympathy we -- or a jury -- might feel for an individual in Gray's predicament, the fact remains that the plaintiff simply failed to offer any of the evidence necessary to establish his claim for monetary remuneration. Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting judgment to the defendant in this case.  Because the reasons for its decision have been fully articulated by the district court in a published opinion, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose.  Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in *Gray v. General Motors Corp.*, 133 F. Supp. 2d 530 (E.D. Ky. 2001).  In view of the fact that the district court opinion was designated for publication, we direct that this opinion affirming the district court's judgment likewise be published.

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2002 FED App. 0407P (6th Cir.)
File Name:  02a0407p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

TODD GRAY,
          *Plaintiff-Appellant,*

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, INC.,
          *Intervenor-Plaintiff,*

          *v.*

GENERAL MOTORS
CORPORATION,
          *Defendant-Appellee.*

No. 01-5280

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 97-00394—Jennifer B. Coffman, District Judge.

Argued:  September 17, 2002

Decided and Filed:  November 27, 2002

Before:  SILER, DAUGHTREY, and GILMAN, Circuit Judges.

———————————

**COUNSEL**

———————————

**ARGUED:** Phyllis L. Robinson, Manchester, Kentucky, for Appellant. Raymond M. Kethledge, FEENEY, KELLETT, WIENNER & BUSH, Bloomfield Hills, Michigan, for Appellee. **ON BRIEF:** Phyllis L. Robinson, Manchester, Kentucky, for Appellant. Thomas J. Manganello, Mary Theresa Carlin Moran, FEENEY, KELLETT, WIENNER & BUSH, Bloomfield Hills, Michigan, Christopher R. Cashen, WOODWARD, HOBSON & FULTON, Lexington, Kentucky, for Appellee.

———————————

**OPINION**

———————————

MARTHA CRAIG DAUGHTREY, Circuit Judge. The plaintiff, Todd Gray, received severe head injuries during a rollover accident involving a Chevrolet S-10 pickup truck in which he was a passenger. Consequently, Gray sued General Motors and the driver of the pickup truck, seeking reimbursement for medical expenses and for his pain and suffering. After the plaintiff reached a settlement with the driver of the vehicle, defendant General Motors removed the case to federal district court on diversity grounds. Before a federal jury, Gray contended that the seat belt mechanism installed in the vehicle was defective, thus causing his injury, or at least exacerbating it.

The jury found in favor of Gray and awarded him $30,288.20 in damages. Subsequently, however, the district court granted General Motors's motion for judgment as a matter of law, ruling that the plaintiff had failed to establish all elements of his claim. Specifically, the court ruled that Gray was unable to identify any particular defect that "probably" caused his injuries. The court explained that the plaintiff further failed in his proof to submit evidence "of an

alternative design or of the level of injuries he would have incurred had he been restrained" properly by a seatbelt.

On appeal, Gray now contends that the district court erred in not sustaining the verdict in his favor once the jury determined that Gray was wearing his seatbelt prior to the accident. According to the plaintiff's argument, his head could not have extended outside the vehicle to incur an injury had the restraint system operated without defect; therefore, he contends, the combination of the fact that the injury occurred as detailed by Gray and the fact that the plaintiff had activated the restraint system established General Motors's liability. He further insists that the seatbelts should have been found to have been defective virtually *per se*, once the plaintiff's expert testified that General Motors's seatbelts failed to comply with federal safety standards.

As the district court noted, Gray's shortcoming in this litigation is simply a failure to offer the proof necessary to establish the claims asserted. For example, despite his voluminous testimony before the district court, the plaintiff's expert was unable to identify any "probable" defect in the seatbelt mechanism that caused the injury, as is required by Kentucky products liability law. *See Hersch v. United States*, 719 F.2d 873, 878 (6th Cir. 1983); *Perkins v. Trailco Mfg. & Sales Co.*, 613 S.W.2d 855, 857-58 (Ky. 1981). In fact, the expert, Billy Peterson, testified that he could not determine whether any of the various components of the restraint system were defective without conducting certain tests that he admitted he had not performed. Even Peterson's testimony that the seatbelt design did not meet Federal Motor Vehicle Safety Standards 208 and 209 is unpersuasive, in part because the failures identified by Peterson involved only pre-prototype and prototype vehicles and not production automobiles, and in part because the expert himself admitted that he knew of no recall of General Motors vehicles for seatbelt-design flaws.

Furthermore, to the extent that the plaintiff attempted to establish that the alleged defect merely enhanced the severity of his injury, he also failed to offer the required proof of a